WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11
                                          :
FINLAY ENTERPRISES, INC., et al.,         :          Case No. 09-14873 (JMP)
                                          :
              Debtors.                    :          (Jointly Administered)
                                          :
------------------------------------------------------------x
```

## NOTICE OF APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO RETAIN AND EMPLOY ASSET DISPOSITION ADVISORS LLC AS ASSET DISPOSITION ADVISOR AND CONSULTANT FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

      **PLEASE TAKE NOTICE** that on August 25, 2009, Finlay Enterprises, Inc. ("*Finlay*") and its affiliates in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*Debtors*") filed the Application Pursuant to Section 327(a) of the Bankruptcy Code for Authorization to Retain and Employ Asset Disposition Advisors LLC as Asset Disposition Advisor and Consultant for the Debtors *Nunc Pro Tunc* to the Commencement Date (the "*Application*") with the United States Bankruptcy Court for the Southern District of New York (the "*Court*").

      **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application has been scheduled for **Thursday, September 25, 2009 at 10:00 a.m. (Eastern Time)** before the Honorable, James M. Peck, United States Bankruptcy Judge, One Bowling Green, Room 610, New York, New York 10004 (the "*Hearing*"), which Hearing may be adjourned from time to time without further notice other than an announcement at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Lori R. Fife, Esq. and Shai Y. Waisman, Esq.), (ii) the Office of the United States Trustee, 33 Whitehall Street, 22nd floor, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.); (iii) the attorneys for GECC, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606 (Attn: Douglas Bacon, Esq.); (iv) the attorneys for Wilmington Trust Company, as successor trustee under that certain second lien indenture dated as of November 26, 2008, Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Michael R. Carney, Esq. and David F. Yates, Esq.); (v) the attorneys for HSBC Bank USA, Pryor Cashman LLP, 7 Times Square, New York, New York 10036 (Attn: Michael Fruchter, Esq.); (vi) attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases, Moses & Singer LLP, the Chrysler Building, 405 Lexington Avenue, New York, New York 10174 (Attn: Lawrence L. Ginsburg, Esq. and Christopher J. Caruso, Esq.); and (vii) Asset Disposition Advisors LLC, 2485 Matterhorn Drive, Wexford, Pennsylvania 15090 (Attn: Barry Gold), so as to be so filed and received by no later than **Friday, September 4, 2009 at 5:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Application are timely filed, served and received in accordance with this Notice, the Bankruptcy Court may grant the relief requested in the Application without further notice or hearing.

Dated: August 25, 2009
        New York, New York

<div style="margin-left:40%">

/s/ Lori R. Fife
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

</div>

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for the Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                      :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **FINLAY ENTERPRISES, INC.,** *et al.*, | : | **09-14873 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

-------------------------------------------------------------x

<div align="center">

**APPLICATION PURSUANT TO SECTION 327(a)**
**OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO**
**RETAIN AND EMPLOY ASSET DISPOSITION ADVISORS LLC**
**AS ASSET DISPOSITION ADVISOR AND CONSULTANT FOR**
**THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

</div>

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Finlay Enterprises, Inc. ("Finlay Enterprises") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (together, "Finlay" or

the "Debtors"), respectfully represent:

<div align="center">

**Background**

</div>

        1.      On August 5, 2009 (the "Commencement Date"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Jurisdiction and Venue

3.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Finlay's Businesses

4.     Founded in 1887 as a mail order jeweler, Finlay is one of the leading retailers of fine jewelry in the United States.  Historically, Finlay operated in two business segments: licensed departments in major department stores and stand-alone specialty jewelry stores.  Today, Finlay sells a broad range of moderately-priced jewelry at approximately 75 department stores and also operates approximately 105 stand-alone jewelry stores doing business as Bailey Banks & Biddle, Carlyle & Co. Jewelers LLC, and L. Congress, Inc.

5.     As of July 4, 2009, the Debtors' unaudited consolidated financial statements reflected assets totaling approximately $332 million and liabilities totaling approximately $385 million.

6.     Additional information regarding the events leading up to the Commencement Date and the facts and circumstances supporting the relief requested herein are set forth in the Affidavit of Arthur E. Reiner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on August 5, 2009.

## Retention of Asset Disposition Advisors LLC

7.        By this Application, the Debtors seek to employ and retain, *nunc pro tunc* to the Commencement Date, Asset Disposition Advisors LLC ("ADA") to provide necessary asset disposition advisory and consulting services to the Debtors in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code and the terms of the engagement letter among ADA and the Debtors dated February 20, 2009 (the "ADA Agreement") attached hereto as Exhibit "A".  The services of ADA are necessary in order to assist the Debtors in executing their duties as debtors in possession.

8.        ADA is well-qualified to serve as the Debtors' asset disposition advisor and consultant.  ADA's professionals have provided strategic advice to debtors and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' cases.

9.        As set forth in the ADA Agreement, the Debtors engaged ADA to: (i) consult with the Debtors on the formulation and solicitation of strategic activities relating to store closings and disposition of inventory and other personal property, including the preparation of due diligence and related offering materials and the evaluation of any offers received; (ii) coordinate the closing of certain of the Debtors' locations, and assist the Debtors in developing a program to dispose of the assets in those locations; and (iii) assist with the disposition of other assets as may be identified by the Debtors.

10.        The Debtors anticipate that during their chapter 11 cases ADA will render asset disposition services to the Debtors as described below.  Such services are not duplicative in any manner with the services to be performed by the other professionals retained by the Debtors in these chapter 11 cases.  The Debtors and ADA will undertake every reasonable effort to avoid any duplication of services.

11.     All of the services that ADA will provide to the Debtors will be: (i) appropriately directed by the Debtors so as to avoid duplicative efforts among the professionals retained in these chapter 11 cases; and (ii) performed in accordance with applicable standards of the profession.  As more fully described in the ADA Agreement, the Debtors anticipate ADA will provide the following services:

    a.    advise the Debtors regarding the disposition of selected business assets, including inventory, furniture, fixtures and equipment;

    b.    advise the Debtors with respect to any issues associated with any planned store closures;

    c.    identify and contact proposed purchasers of assets, including stores selected for closure;

    d.    review and inspect the Debtors' assets as may be requested from time to time by the Debtors, including, but  not limited to inventory, fixed assets and other assets;

    e.    consult, as requested, with the Debtors and the Debtors' other retained advisors as to the evaluation, valuation and, where appropriate, disposition of certain of the Debtors' intellectual property and such other tangible and intangible assets as may be requested by the Debtors from time to time; and

    f.    attend meetings, as requested, with the Debtors, their lenders, any official or unofficial committee of creditors that may be appointed and other parties in interest.

12.     ADA's decision to accept this engagement is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment and to be compensated for its services and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices which are outlined in the appended Affidavit of Barry Gold (the "Gold Affidavit"), filed in support of this Application and incorporated herein by reference.

13.     As more fully described in the ADA Agreement, in consideration of the services provided, the Debtors have agreed to pay ADA's actual and reasonable out-of-pocket expenses and hourly rates based on the following table:

| | |
|---|---|
| Barry Gold (Principal) | $695.00/hr |
| Paul Traub (Sr. Consultant) | $695.00/hr |
| Steven E. Fox (Sr. Consultant) | $650.00/hr |
| Maura I. Russell (Sr. Consultant) | $650.00/hr |
| Consultants | $625.00-$300.00/hr |
| Support Staff | $90.00 to $250.00/hr |

14.     In addition to the proposed fees, the Debtors have agreed to maintain a $150,000 retainer with ADA.

15.     Pursuant to the ADA Agreement, subject to Court approval, the Debtors have also agreed to indemnify ADA from and against any losses, expenses, damages, penalties, costs, or claims of any kind or nature brought by any party in connection with ADA's performance under the ADA Agreement, other than claims resulting from the gross negligence, breach of fiduciary duty, self-dealing or willful misconduct of ADA.  The Debtors submit that such indemnification is standard in ADA's industry and that the provisions of such indemnification are fair and reasonable considering ADA's qualifications and the expectations of other asset disposition advisors in connection with engagements of this scope and size. Accordingly, the Debtors request that the Court approve ADA's terms of engagement as set forth in the ADA Agreement.

16.     The Debtors understand that ADA will seek interim and final allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, any guidelines established by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and further orders of this Court.

17.     To the best of the Debtors' knowledge, information and belief, ADA has no connection with, and holds no interest adverse to, the Debtors, its estates, its creditors, or any other party in interest, or its respective attorneys or accountants in the matters for which ADA is proposed to be retained, except as disclosed in the Gold Affidavit.

18.     To the best of the Debtors' knowledge, ADA is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code and as required under section 327(a) of the Bankruptcy Code.  ADA has reviewed its databases and, as further described in the Gold Affidavit, provided disclosure regarding connections it may have had with potential parties in interest.  To the extent that ADA discovers any additional material relationships bearing on the matters described in the Gold Affidavit during the period of ADA's retention, ADA will use reasonable efforts to supplement the information provided in the Gold Affidavit.

19.     The Debtors submit that the appointment of ADA on the terms and conditions set forth herein and the ADA Agreement is in the best interest of the Debtors, its creditors, and all parties in interest.

## Notice

20.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee, (ii) the attorneys for General Electric Capital Corporation, as agent under that certain Fourth Amended and Restated Credit Agreement dated as of November 9, 2007, (iii) the attorneys for Wilmington Trust Company, as successor trustee under that certain second lien indenture dated as of November 26, 2008, (iv) the attorneys for HSBC Bank USA, as trustee under that certain third lien indenture dated as of November 26, 2008, (v) the attorneys for the official committee of unsecured creditors appointed in these chapter 11 cases, (vi) the U.S. Securities and Exchange Commission, and (vii) all parties

entitled to notice pursuant to this Court's Order Implementing Certain Notice and Case Management Procedures dated August 6, 2009. The Debtors submit that no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: August 24, 2009
New York, New York

Finlay Fine Jewelry Corporation,
(for itself and on behalf of its affiliated
Debtors and Debtors in Possession)

By: /s/ Arthur E. Reiner
Arthur E. Reiner, President and Chief Executive
Officer

**Exhibit A**

**ADA Agreement**

**ASSET DISPOSITION ADVISORS, LLC**
**2485 Matterhorn Drive**
**Wexford, PA 15090**
**Tel: (724) 413-5783**

February 20, 2009

Mr. Art Reiner                               Mr. Joseph Melvin
Chairman and Chief Executive Officer         President and Chief Operating Officer
Finlay Fine Jewelry Corporation              Finlay Fine Jewelry Corporation
529 Fifth Avenue                             529 Fifth Avenue
New York, NY 10017                           New York, NY 10017

Mr. Anthony M. Horvat
NachmanHayesBrownstein, Inc.
822 Montgomery Avenue
Suite 204
Narberth, PA 19072

     Re:    Engagement of Asset Disposition Advisors LLC

Gentlemen:

     Asset Disposition Advisors LLC ("ADA") is pleased to put forth the following proposal to provide certain strategic asset disposition advisory and consulting services to Finlay Fine Jewelry Corporation (the "Company") in connection with the Company's restructuring and reorganization efforts. As you are aware, ADA, though its principal and consultants have extensive experience in the liquidation and other disposition of jewelry assets, including but not limited to representing Whitehall Jewelers, Inc. and Zale Corporation in connection with their downsizing efforts.

*Description of Services*

     While we are available to provide a full range of services as may be desired by the Company, at this time, we are being retained in the following specific areas: (1) consulting with the Company on the formulation and solicitation of strategic asset sale transaction activities relating to store closings and disposition of inventory and other personal property, including the preparation of due diligence and related offering materials and the evaluation of any offers that may be received; (2) coordinating the closing of certain locations selected by the Company, and assisting the Company in developing a program to dispose of the assets in these locations in order to maximize their value for the benefit of the Company and its creditors; and (3) assisting with the disposition of other assets as may be identified by the Company.

     In particular, ADA will provide the following services:

- Advise the Company regarding the disposition of selected business assets, including designated inventory, furniture, fixtures and equipment; and

- review and advise with respect to issues associated with any planned store closures, including timing and coordination.

• Identify and contact proposed purchasers of select business operations or assets, including stores selected for closure:

  - assist in the preparation of an appropriate information package for distribution to potential bidders;

  - review bid proposals and assist in negotiations with the various parties to ensure recoveries are maximized;

  - assist in the documentation of any transaction involving the liquidation of inventory and review pleadings that may need to be filed with a court in order to effectuate same;

  - assist the Company with the preparation of any designated stores for a physical inventory, and attend observe and supervise if necessary, physical inventories that may be taken;

  - monitor the conduct and results of any third party selected to liquidate any inventory and fixed assets; and
  - advise the Company with respect to the reconciliation of any inventory counts and/or sales and assist the Company as it relates to any negotiations with respect thereto.

• Review and inspect the Company's assets as may be requested from time to time by the Company, including, but not limited to:

  - inventory;
  - fixed assets;
  - etc.

• Consult, as requested by the Company, with the Company and the Company's other retained advisors as to the evaluation, valuation, and where appropriate disposition of certain of the Company's leasehold interests or fee owned properties.

• Attend meetings, as requested, with the Company, its lenders, the any official or unofficial committee of creditors that may be appointed, potential investors, and other parties in interest.

ADA will provide services to the Company in these matters as may be directed, or as may be necessary to anticipate and respond to the Company's needs. All the services rendered by ADA are designed to provide operational, strategic and financial consulting assistance to the Company in the restructuring process, so that management can focus its primary efforts on the on-going daily requirements of operating the business. ADA will coordinate closely with the Company's other retained restructuring professionals to ensure duplication of effort is avoided.

*Staffing, Fees, Retainer and Expenses*

Barry Gold, principal of ADA, will lead this engagement with the assistance of Paul Traub, Steven Fox and/or Maura Russell, each a Senior Consultant with ADA[1]. Additional staffing, if and when required, will be provided by other personnel possessing the requisite skills and experience necessary to achieve the objectives set forth above in the most expeditious and effective manner. In exchange for the services you request, we shall be paid a sum equal to the actual hours expended multiplied by our standard hourly rates; provided however, travel time during which no work is being performed shall be billed at half of the billing party's standard hourly rate (hereinafter, the "Base Fee"). ADA's current hourly rates are as follows:

| | |
|---|---|
| Barry Gold (Principal) | $695.00/hr |
| Paul Traub (Sr. Consultant) | $695.00/hr |
| Steven E. Fox (Sr. Consultant) | $650.00/hr |
| Maura I. Russell (Sr. Consultant) | $650.00/hr |
| Consultants | $625.00-$300.00/hr |
| Support Staff | $90.00 to $250.00/hr |

### *Discretionary Bonus*

In addition to our entitlement to receive compensation based upon our customary hourly rates, in the event of a successful outcome in this engagement we may request that we be paid certain additional compensation in the nature of a "success fee", in an amount to be agreed upon by us and the Company; provided, however, the amount and payment of any such "success fee" shall be in the sole discretion of the Company, and in the event of a Chapter 11 Filing, any such request shall be the subject to the filing of a fee application and the approval and payment thereof shall be subject to Bankruptcy Court approval.

We will invoice the Company on a monthly basis. Except as set forth below in the event the Company commences a Chapter 11 Case (as defined below), the fees and expenses incurred by ADA shall be paid promptly upon submission of an invoice therefor. In addition to the foregoing, we shall be entitled to prompt reimbursement of our actual and reasonable out-of-pocket expenses.

You have agreed that upon execution and delivery of this letter agreement to wire to our account the sum of $100,000 as an initial retainer to be held on account by us pending delivery of periodic invoices as provided herein; provided however, the Company agrees that ADA shall be entitled to retain this retainer balance on an "evergreen" basis, such that the Company will replenish the subject retainer form time to time in order to maintain it at $100,000. In the event that the Company commences a Chapter 11 Case, the Company agrees that prior to the commencement of such proceeding, the Company shall replenish and increase the amount of the retainer to $200,000. All time charges and disbursements will be applied against the retainer, with any amounts in excess of the retainer to be paid promptly as provided above. For your convenience, we have attached our wiring instructions to this letter for your use in tendering payment of the agreed upon retainer amount.

---

[1]     Paul Traub, Steven Fox and Maura Russell are all Contract Partners and practicing attorneys at Epstein, Becker & Green, P.C. and are retained by ADA to serve as consultants in engagements such as this engagement. For the avoidance of any doubt, notwithstanding their respective legal training, neither Paul Traub, Steven Fox or Maura Russell shall be acting as attorneys in this matter and thus all services rendered shall be rendered in their capacity as consultants to the Company and not as counsel to the Company

*Additional Terms*

Prior to the Company commencing a chapter 11 case(s) ("Chapter 11 Case") pursuant to Title 11, United States Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code"), any unpaid fees shall be paid to ADA and the initial retainer shall be replenished and increased to $200,000. After the Filing Date, the Company shall file a motion with the Court seeking the issuance and entry of an order, pursuant to §§ 327, 330 and 331 of the Bankruptcy Code, *inter alia,* assuming this Agreement and authorizing and approving the Company's retention and employment of ADA pursuant to the terms and provisions of this Agreement. Upon the commencement of a Chapter 11 Case, all compensation otherwise payable in accordance with this Letter Agreement shall be subject to the approval of the Bankruptcy Court, pursuant to §§ 330 and 331 of the Bankruptcy Code, the Local Rules of the Bankruptcy Court, applicable U.S. Trustee guidelines, or such other procedural order(s) as may be entered by the Bankruptcy Court.

ADA agrees that it will act as an independent contractor pursuant to this Letter Agreement and that nothing herein shall create an agency relationship between the Company and ADA. Furthermore, ADA understands that it has no authority to make or imply any commitments that are binding upon the Company, and agrees that it will act only at the Company's direction, and that the Company will have full decision-making authority with respect to all matters within the scope of this Letter Agreement.

ADA shall be indemnified and held harmless by the Company from and against any and all losses, reasonable expenses, actual direct damages, penalties, costs, or claims of any kind or nature whatsoever that may be imposed on, incurred by or asserted against ADA arising out of or in any way relating to ADA's performance hereunder or the consulting arrangement contemplated hereby, provided that the Company shall not be liable for any of the foregoing arising from the gross negligence, breach of fiduciary duty, self-dealing or willful misconduct of ADA; provided, however, in the event the Company commences the Chapter 11 Case, all requests by ADA for payment of indemnity pursuant to the Agreement shall be made by means of an application (interim or final, as the case may be) and shall be subject to review by the Bankruptcy Court to ensure payment of such indemnity conforms to the terms of this Agreement and is reasonable based upon the circumstances of the claim, litigation or settlement in respect of which indemnity is sought. In no event shall ADA be indemnified in the case if the Company or a representative of the Company's chapter 11 estate asserts a claim for, and a court determines by final order that such claim arose out of or related to, ADA's own bad-faith, breach of fiduciary duty (if any), gross negligence or willful misconduct. In the event that ADA seeks reimbursement of attorneys' fees as part of any indemnification claim under this Agreement, the invoices and supporting time records from such attorneys shall be included in ADA's own interim or final application(s) under which it seeks such indemnification, and such invoices and time records shall be (i) maintained in accordance with the U.S Trustee's guidelines for compensation of professionals and reimbursement of expenses, (ii) subject to the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code, without regard to whether such attorney(s) have been retained under § 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy § 330(a)(3)(C) of the Bankruptcy Code.

*Additional Disclosures*

By way of full disclosure, please note that, Paul Traub, Steven Fox, and Maura Russell, through their legal practice with Epstein, Becker & Green, P.C. and/or at their predecessor law firms, namely the Traub Group at Dreier LLP and/or Traub, Bonacquist & Fox, LLP (collectively, the "Traub Group Legal Practice"), currently does, has in the past, and will continue from time-to-time to represent certain of the national inventory liquidation firms in matters unrelated to the Company and/or its assets. In addition, and as we have previously disclosed to the Company, ADA, Matterhorn Retail Consulting Services, LLC (a separate consulting Company of which Barry Gold is the principal) and the Traub Group Legal Practice have in the past, and may from time-to-time in the future, represent or act as consultants to General Electric Capital Corporation and certain of its affiliates (collectively, "GE"), and other asset based lenders, in matters unrelated to the Company, neither ADA nor the Traub Legal Practice have any active representations of GE or other asset based lending groups. Matterhorn Retail Consulting Services, LLC does currently have an active consulting engagement with GE in the Gottschalks case, on matters unrelated to the Company. However, ADA submits that notwithstanding these unrelated representations no conflict exists that would preclude or interfere with ADA's providing consulting services to Company in this matter.

This Letter Agreement may be terminated by ADA or the Company, with or without cause, upon providing thirty days written notice.

This Letter Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict-of-law rules.

We are prepared to commence this engagement immediately, and look forward to working with you and your team.

Very truly yours,

Barry Gold

Barry Gold

AGREED TO AND ACCEPTED THIS
DAY OF FEBRUARY 2009:

FINLAY FINE JEWELRY CORPORATION:

By:
Name:
Its: Pres - COO

cc:    Paul Traub
       Maura I. Russell

5

## Wiring instructions for ADA

Citibank, N.A.
330 Madison Avenue
New York, New York 10017
ABA # 021000089
Acct:   Asset Disposition Advisors LLC
Acct. # 03981633

# Affidavit of Barry Gold

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for the Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :

In re                                     :         **Chapter 11 Case No.**
                                              :

**FINLAY ENTERPRISES, INC.,** *et al.*,     :         **09-14873 (JMP)**
                                              :

                     **Debtors.**     :         **(Jointly Administered)**
                                              :
                                              :
-------------------------------------------------------------x

**AFFIDAVIT OF BARRY GOLD IN SUPPORT OF DEBTORS' APPLICATION
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR
AUTHORIZATION TO RETAIN AND EMPLOY ASSET DISPOSITION
ADVISORS LLC AS ASSET DISPOSITION ADVISOR AND CONSULTANT
FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

STATE OF NEW YORK     )
                         )   ss.:
COUNTY OF NEW YORK   )

       BARRY GOLD, duly sworn, deposes and says:

       1.      I am the principal of the firm of Asset Disposition Advisors, LLC ("ADA"), with

offices at 2485 Matterhorn Drive, Wexford, Pennsylvania 15090.

       2.      This Affidavit is submitted in support of the Application pursuant to section

327(a) of title 11 of the United States Code (the "Bankruptcy Code") for authorization to retain

and employ Asset Disposition Advisors LLC as asset disposition advisor and consultant for the

Debtors *nunc pro tunc* to the Commencement Date (the "Application"),[1] in accordance with the terms and conditions set forth in that certain engagement letter among ADA and the Debtors dated February 20, 2009 (the "ADA Agreement").[2]

### Disinterestedness and Eligibility

3.　　To the best of my knowledge and belief, ADA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that ADA, its principals, consultants, and employees:

(a)　　are not creditors, equity security holders, or insiders of the Debtors;

(b)　　are not and have not, within two years before the date of the filing of the petition, been a director, officer, or employee of the Debtors; and

(c)　　do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

4.　　To the best of my knowledge, formed after reasonable inquiry, neither I nor the firm represents or holds any adverse interest to the Debtors, their creditors, equity security holders, or any parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

5.　　Except as set forth herein, neither I, nor any principal or consultant thereof, as far as I have been able to ascertain, has any connection with the Debtors, their creditors, the Office

---

[1]　　Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Application.

[2]　　As set forth in the ADA Agreement, ADA retains the services of Epstein, Becker, & Green, P.C. ("EBG"), specifically Paul Traub ("Traub") and Maura I. Russell ("Russell"), to provide consulting services to ADA. Neither EBG, Traub, nor Russell have provided, nor shall they provide throughout the engagement, legal advice to the Debtors and all services rendered by EBG, Traub and/or Russell in connection with this matter are solely as a consultant.

of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants.

6.      As a part of its diverse practice, ADA participates in numerous cases, proceedings and transactions involving attorneys, accountants, investment bankers and financial consultants, some of which may represent claimants and parties in interest in these chapter 11 cases. Further, ADA has in the past, and may in the future, be represented by various attorneys and law firms, some of whom may be involved in these proceedings. In addition, ADA has in the past and will likely in the future work with or against other professionals involved in these cases in matters unrelated to these cases. To the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtors herein in matters upon which ADA is to be employed.

7.      In connection with its proposed retention, ADA has researched its client database to determine what, if any, connections it may have with those persons or entities appearing on the list of interested parties annexed hereto as Exhibit "A". As a result of the research performed to date, ADA makes the following disclosures:

      (a)      The Debtors and their Current
                and/or Former Officers and Directors

           To the best of my knowledge, formed after reasonable inquiry, neither ADA nor any principal or employee thereof is related to the Debtors or their current and former officers or directors, nor has ADA provided services to the Debtors, their current or former officers or directors in connection with these proceedings except as otherwise noted herein.

(b)    <u>The Debtors' 30 Largest Unsecured Creditors (Consolidated Basis)</u>

To the best of my knowledge, formed after reasonable inquiry, ADA has no connection with any of the Debtors' thirty largest unsecured creditors (on a consolidated basis), as identified in Exhibit "A". However, from time to time, certain members and attorneys at EBG represent or have represented various debtors, official and unofficial committees, and individual parties in interest in various in-court and out-of-court restructuring matters in which one or more of the Debtors' largest creditors and/or landlords may have had an interest and/or served as an official or unofficial committee member. In each case any such involvement by such parties was unrelated to do with the Debtors or their chapter 11 cases.

(c)    <u>Equity Stockholders in the Debtors</u>

To the best of my knowledge, formed after reasonable inquiry, neither ADA, nor any of its consultants, has a connection with any of the Debtors' equity security holders, as identified in Exhibit "A".

(d)    <u>Debtors' Secured Lenders</u>

(i)    <u>General Electric Capital Corporation</u>. Both ADA and certain of its consultants have in the past, and may from time-to time in the future, represent or act as consultants to General Electric Capital Corporation and certain of its affiliates (collectively, ("<u>GECC</u>") in matters unrelated to the Debtors or their assets. ADA currently does not have any active representations of GECC. I am also the principal of Matterhorn Retail Consulting Services, LLC ("<u>Matterhorn</u>"), which has performed services for GECC in the past that are unrelated to the Debtors. Matterhorn currently has no active engagements for GECC.

(i)    Except as otherwise noted herein, to the best of my knowledge, formed after reasonable inquiry, ADA has no connection with any of the Debtors' other secured

lenders, as identified in Exhibit "A".

(e)     **Other Lienholders and/or Secured Parties**

Except as otherwise noted herein, to the best of my knowledge, formed after reasonable inquiry, neither ADA, nor any of its consultants, have a connection with any other lienholders and/or secured creditors of the Debtors, as identified in Exhibit "A".

(f)     **Bank Group Members**

(i)     <u>Wells Fargo Bank</u>.  From time to time, ADA has either (i) provided services to enterprises in which Wells Fargo Bank and/or affiliates thereof, including Wells Fargo Retail Finance, LLC (collectively, "<u>Wells Fargo</u>"), may have been secured lenders to, or (ii) has provided services to other interested parties relating to matters in which Wells Fargo or its affiliates were secured creditors, in each case involving matters unrelated tp the Debtors or their chapter 11 cases.

(ii)     <u>Other Bank Group Members</u>.  Except as otherwise noted herein, to the best of my knowledge, formed after reasonable inquiry, ADA has no connection with any of the Debtors' other banks identified in Exhibit "A".

(g)     **The Professionals Retained In These Chapter 11 Cases**

From time to time, ADA appears in cases and transactions that have many different attorneys and accountants.  Consequently, ADA may have provided services to other parties in interest in matters in which certain of the other retained professionals herein may have been involved, in each case in matters unrelated to the Debtors or their estates.

(h)     **Parties That May Have An Interest In The Debtors' Assets**

From time to time Traub and Russell, Senior Consultants to ADA, in connection with their law practice at EBG (and previous firms) have in the past, and may

continue in the future, represent certain national inventory liquidation firms and/or affiliates thereof, including: Gordon Brothers Retail Partners, LLC; Hilco Merchant Resources, LLC; The Nassi Group, LLC; Tiger Capital Group, LLC; SB Capital Group, LLC; Hudson Capital Partners, LLC; and Great American Group, in each case in matters unrelated to the Debtors, their businesses, their assets, or these chapter 11 cases.  The undersigned does not believe the representations of any of the foregoing firms, or joint ventures of which they have been a part, in matters unrelated to the Debtors or these chapter 11 estates is adverse to the Debtors, their creditors or their estates.

## **Professional Compensation**

8.      Subject to this Court's approval, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, any applicable Local Bankruptcy Rules for the Southern District of New York, any guidelines established by the United States Trustee for the Southern District of New York, and any further orders of this Court, ADA will seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred in connection with performing services for and on behalf of the Debtors.  Subject to the Court's approval, ADA will bill for services in accordance with its ordinary and customary rates in effect on the date services are rendered, which rates ADA believes are reasonable.  In connection with this engagement, ADA's current hourly rates are as follows:

| | |
|---|---|
| Barry Gold (Principal) | $695.00/hr |
| Paul Traub (Senior Consultant) | $695.00/hr |
| Maura I .Russell (Senior Consultant) | $650.00/hr |
| Consultants | $650.00 to $310.00/hr |
| Support Staff | $225.00 to $200.00/hr |

ADA's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

9.      It is ADA's policy to charge its clients in all areas of practice for expenses incurred in connection with the clients' cases at ADA's cost.  The expenses charged to clients include, among other things, telephone and fax charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, and expenses for "working meals" and out of town meals. However, it is ADA's usual and customary practice to bill its clients for non-working travel time at 50% of its ordinary and customary rates in effect on the date such services are rendered.

10.     Prior to the Commencement Date, ADA received payments from the Debtors in an aggregate amount of $1,199,148.57.  During the period of February 20, 2009 through August 5, 2009, ADA delivered various invoices to the Debtors for services rendered and reimbursement of out of pocket expenses incurred prior to the Commencement Date in an aggregate amount of $1,053,674.79.  After application of the forgoing invoiced amounts, ADA retained a net retainer balance of $145,500.78.  As a result, ADA is not owed any sums for services provided to the Debtors prepetition.

11.     Other than ADA's obligation to compensate EBG for the services of Traub and Russell, no agreement or understanding exists between me, ADA, and any other person for the sharing of compensation to be received in connection with this case.

WHEREFORE, the Affiant respectfully requests that the Court enter an order authorizing the Debtors' employment and retention of ADA as asset disposition advisors and consultants to the Debtors, *nunc pro tunc* to the Commencement Date.

Dated:  August 21, 2009

/s/ Barry Gold
Barry Gold

Sworn to before me
this 21st day of August 2009:


/s/ Tammy Viergutz
Tammy Viergutz
Notary Public – State of Florida
My Comm. Expires Apr. 24, 2010
Commission #DD 544410

**Exhibit A**

**Parties in Interest**

**Retention Checklist**

**<u>Debtors, Affiliates and Subsidiaries</u>**
Finlay Enterprises, Inc.
Finlay Fine Jewelry Corporation
Finlay Merchandising & Buying LLC
Finlay Jewelry, Inc.
eFinlay, Inc.
Carlyle & Co. Jewelers LLC
Park Promenade, LLC
L. Congress, Inc.
SONAB International, Inc. (non-debtor)
SONAB Holdings, Inc. (non-debtor)

**<u>30 Largest Unsecured Creditors (consolidated basis)</u>**
Atlantic Jewelry Co Inc
B H Multi Com Corp
Bulova Watch
Canadian Gem
Candela Jewelry Inc
China Pearl Import
Colibri Group Inc
Color Craft
Cybel Trading Corp
Dalow Industries
Dialuck Corporation
Diamonair USA  Inc
EMA Inc
Envisions LLC
Julius Klein Diamonds Inc
Liberty I  Exchange
MJJ Inc
Movado Group
NEI Group
Richline Group
Richemont North America
Royal Jewelry Mfg Inc
Seiko Time
Seville Watch Corp
Swiss Army Brands
Tacori Inc.
Vaishali Diamond Corp
Weindling International Corp
World Wide Inc
Diamond Source Industries Inc.
LeVian Corp.

Assurant Solutions
Lakeview Construction Inc.
Uni-Creation inc. dba Unidesign
Richline Bel Oro Intl Inc
Richline Andin International
Richline Tru-Kay Mfg
M Schamroth & Sons
Yurman Design Inc
Domushora Inc (Momo Design)
Jewelmak Inc
Citizen Watch Company
Oro Alexander Inc
Dasan Inc
IBP Corp f/k/a OTC Int'l Ltd
Fantasy Diamond Corp
Lagos
Lladro Usa Inc
Merit Diamond Corp
Chabbott Holdings Ltd
K & F Inc
Thien Po Jewelry Ltd
Shr & Simmons Jewelry Group Llc

**Agent under the Revolving Credit Agreement**
General Electric Capital Corporation (agent)

**Indenture Trustee for Outstanding Securities**
HSBC Bank, USA, N.A.

**Other Secured Lenders**
Deutsche Bank
GECC
ABN-AMRO
JP Morgan Chase Bank, N.A.
Wachovia Bank, NA
Well Fargo Foothill, LLC
Burdale Financial Limited
The CIT group/Business Credit, Inc.
North Fork Business Capital Corporation
Israel Discount Bank of New York

**Secured Noteholders**
Harbinger Capital Partners Special Situations Group LLP
Coliseum Capital Partners, LP
Del Mar Distressed Opportunities Fund Limited.

**Senior Unsecured Note Holders**
Harbert Management Corporation
Muzinich & Company, Inc.
Deerfield Capital Management
Stine Seed Farm Inc.
Nicholas-Applegate Capital Management
MFS Investment Management
Chartwell Investment Partners
B. Riley & Co. LLC
Morongo Band of Mission Indians
Sanders Opportunity Fund LP
Stonegate Capital Management, LLC
Euroclear Bank
Aegis Financial Corporation
UBS Securities LLC
Danske Bank
Lehman Brothers Inc.
Robeco Asset Management
Credit Suisse First Boston International
CIBC Asset Management, Inc.
IMS Capital Management
Credit Suisse Zurich

**Significant Equity Holders**
Bestinver Gestión S.G.I.I.C. S.A.
David W. Rose
Phoenix Investment Adviser LLC
Cornstein (David B)
Dimensional Fund Advisors, LP
Arthur E. Reiner
LSV Asset Management
California Public Employees' Retirement System
Norman S. Matthews
Joseph M. Melvin
Leslie A. Philip
Edward J. Stein
Bruce E. Zurlnick
Thomas M. Murnane
Rohit M. Desai
Charles Schwab Investment Management, Inc.
SGAM Alternative Investments S.A.
Ellen R. Levine

**Taxing Authorities (fed., state, local)**
    (A) <u>STATE</u>

AR
Department of Finance & Administration

AL
Department of Revenue
Department of Industrial Relations

AZ
Department of Revenue
DES-Unemployment Tax

AR
Department of Finance
Arkansas Employment Security

CA
Board of Equalization
Franchise Tax Board
Employment Development Dept.
Tax Collector Business Tax Division

CO
Department of Revenue
Colorado State Treasurer
Manager of Revenue

CT
Commissioner of Revenue Service
Department of Revenue
Administrator of Unemploy. Comp.

DE
Division of Revenue
Secretary of State,
Delaware Unemployment Comp Fund
Dept of Labor

DC
Government of District of Columbia
Dept of Employ Sec
Dept. of Finance & Revenue

IA
Treasurer, State of Iowa
Iowa Dept of Job Service

<u>ID</u>
State Tax Commission
Idaho Department of Employment

<u>FL</u>
Department of Revenue
Florida Unemployment Comp. Fund
Florida Dept. of State

<u>GA</u>
Department of Revenue
State of Georgia
Georgia Dept. of Labor

<u>IL</u>
Department of Revenue, Retailers Occupation Tax
Director of Labor

<u>IN</u>
IN Employment Security Division
Indiana Dept. of Revenue

<u>KS</u>
Kansas Dept of Revenue
Kansas Employment Security Fund

<u>KY</u>
State Treasurer
Treasurer, KY Unemploy. Ins Fund

<u>LA</u>
Department of Revenue
Dept of Agriculture
Office of Employment Security

<u>MA</u>
Department of Revenue
Commonwealth of Massachusetts
Mass. Division of Employment Sec.
Dept of Employment & Training

<u>MD</u>
Comptroller of Maryland
Maryland Income Tax Division
Maryland Unemploy. Ins. Division

**MI**
Department of Treasury
State of Michigan Treasurer
Michigan Employment Sec. Com.

**MN**
Department of Revenue
Minnesota UC Fund

**MS**
State Tax Commission
Department of Revenue
Mississippi Employment Commission

**MO**
Department of Revenue
Missouri Withholding Tax
Division of Employment Security
City Treasurer
Ronald Leggett, Collector of Rev.

**NC**
North Carolina Dept of Revenue
Employment Security Commission
NC Division of Motor Vehicles
State Tax Commissioner
Job Service North Dakota

**NE**
Nebraska Dept. of Revenue
Nebraska UC Fund

**NJ**
State of New Jersey
NJ Division of Taxation
NJ Employment Sec. Agency

**NM**
Revenue Division
New Mexico Employ Sec. Dept.
Taxation & Revenue Dept

**NV**
State of Nevada
Nevada Employment Security Dept

NY
Department of Taxation and Finance
New York State Income Tax
New York State Unemploy Ins.
NY State Unemploy FM & B

OH
Treasurer, State of Ohio
Ohio Bureau of Employment Services
Ohio School District Inc. Tax
Department of Taxation
Department of the Treasury

OK
Tax Commission
Oklahoma Employ. Security Comm.

OR
Department of Revenue, Employment Division

PA
Department of Revenue
PA, Personal Income Tax Bureau
PA Unemployment Compensation

SC
Department of Revenue
Tax Commission
Employ Security Comm.
South Dakota Unemployment Ins. Div
S C Tax Commission, Sales & Use Tax Division

TN
Department of Revenue
Tennessee Secretary of State

TX
Comptroller of Public Accounts
Texas Employment Commission

UT
State Tax Commission
Utah Unemployment Comp Fund

VA
Department of Taxation

Virginia Employment Commission
State Corporation Commission

<u>WA</u>
State Department of Revenue
Employment Security Dept.

<u>WI</u>
Wisconsin Dept. of Revenue
Unemployment Compensation Div.

<u>WV</u>
State Tax Department
Bureau of Employ Programs, UC Div
Dept of Tax Revenue
W. V. Secretary of State
West Va Dept of Rev
Internal Audit Division

(b) <u>LOCAL</u>

<u>AL</u>
Baldwin County
City of Spanish Fort
Jefferson County
City of Mobile
City of Mountain Brook
City of Hoover
City of Birmingham
City of Auburn
City of Gadsen

<u>AR</u>
City of Little Rock
City of North Little Rock
City of Jonesboro
City of Rodgers

<u>AZ</u>

City of Phoenix
City of Scottsdale
City of Chandler

<u>CA</u>
City of Los Angeles

City of Newport Beach
City of San Francisco
City of San Diego
City of Costa Mesa
City of Fresno
City of Visalia
City of Merced
City of Modesto
City of  San Luis Obispo
City of  Woodland
City of Stockton
City of Bakersfield
City of Clovis
City of Redding
City of Antioch
City of Eureka
City of Yuba
City of Capitola
City of Palmdale
City of Palm Springs
City of Hanford
Sacramento County
City of San Bernardino
City of Watonville
City of Tracy
City of Santa Rosa
City of Riverside
City of Redlands
City of Indio
City of Hemet
City of Victorville
City of Moreno Valley
City of Pleasanton
City of San Jose
Town of Corte Madera
San Francisco Tax Collector

<u>CO</u>
City of Aurora
City & County of Denver Department of Revenue
Denver Fire Prevention Bureau
City of Lone Tree

<u>DE</u>
City of Wilmington, DE

FL
Miami/Dade County
Palm Beach County
City of palm Beach Gardens
City of Adventura
Orange County
City of Orlando
Seminole County
City of Sanford
City of Ocoee
City of Altamonte Springs
City of Volusia
City of Daytona Beach
City of Mary Esther
Okaloose County
City of Panama City
City of Jacksonville/Duval County
Hillsborough County
City of St. Petersburg
City of Tampa
City of Clearwater
City of Pembroke Pines
Broward County
City of Fort Myers
Lee County
City of Fort Lauderdale
City of Naples
Village of Wellington
Doris Maloy, Tax Collector Leon County
Lynwood Roberts, Tax Collector
Earl K. Wood, Orange County Tax Collection
Chris Hughes, Okaloosa County Tax Collection
Tax Collector Palm Beach County
Mike Hogan Tax Collector, Jacksonville, FL
City of Winter Park, Permits & Licensing Dept.
Okaloosa County Tax Collection
City of Sanibel
Danise D. Henriquez, CFC
Lee County Tax Collector
Bureau of Elevator Safety

GA
City of Atlanta
DeKalb County
Columbus Consolidated Government
City of Albany/Dougherty County

City of Savannah
Augusta License & Inspection
City of Alpharetta
Gwinnett County
City of Douglasville
Athens-Clarke County
City of Macon
City of Union City
Cobb County
City of Morrow
Bibb County Courthouse

IL
City of Calumet
Evergreen Park Business License
City of Joliet
Village of North Riverside
Village of Vernin Hills
Village of Schaumburg
City of Peoria
Village of Bolingbrook
Village of Deer Park
Village of Orland Park
Village of Schaumburg

KY
City of Florence Kentucky
City of St. Matthews
Lexington-Fayette Urban County Government
Lexington-Fayette Urban Cnty Govt
Louisville/Jefferson Cnty Rev Comm
City of Owensboro
City of Elizabethtown
Kenton County Fiscal Court
Treasurer of Bowling Green
City of West Buechel
City of Shively
Warren County Schools
 City of Lexington

LA
City of Baton Rouge
City of Kenner
City of Slidell
City of Lafayette
Parish of Jefferson

MD

Clerk of the Circuit Court, Rockville, MD
Clerk of the Circuit Court, Hagerstown, MD
Clerk of the Circuit Court, Frederick, MD
Clerk of the Circuit Court, Cumberland, MD
Clerk of the Circuit Court, Annapolis, MD
Clerk of the Circuit Court, Columbia, MD

MI

Battle Creek City Treasurer
Treasurer, City of Detroit
Flint City Treasurer
Treasurer, City of Jackson
City of Lansing Treasurer
City of Muskegon
City of Saignaw
Grand Rapids City Treasurer
Port Huron Income Tax

MO

City of Des Peres
City of Springfield
City of St. Ann
City of Joplin
Jasper County Collector
City of St. Louis
City of Richmond Heights
City of Chesterfield
City of Columbia
City of Crestwood
Cape Girardeau County
City of Independence
City of Kansas City
Green County
Boone County
City of St. Peters
County Collector Charles County
St. Louis County

MS

City of Ridgeland
City of Southaven

NC

City of Durham

City of Raleigh
City of Greensboro
City-County Tax Collector – Charlotte, NC
City of Winston-Salem
Town of Cary
City of Fayetteville
Town of Pineville
Guilford County Tax Department
Wake County Revenue Dept
Buncombe County Tax Collector
Forsyth County Tax Collector
City of Asheville
Town of Pineville

NJ
Borough of Eatontown
Borough of Paramus
Township of Lawrence

NV
Carson City Treasurer
City of Reno
Clark County

NY

New York  City Income Tax
Yonkers  City Income Tax
CLICNY

OH
Lorain City Income Tax
Lima City Treasurer
City of Lancaster, Income Tax
City of Kettering
Kent City Income
Village of Jeffersonville
City of Huber Heights
City of Heath Income Tax Bureau
City of Hamilton
City of Franklin
City of Findlay, OH
City of Forest Park
City of Fairlawn, Div. of Taxation
City of Fairborn
City of Euclid

Delaware city Income Tax
Defiance City - Income Tax
City of Dayton, Ohio
City Treasurer-Income Tax
City of Cleveland Heights
City of Cincinnati
City of Chillicothe, Income Tax
City of Centerville
City of Canton
City of Beachwood
City of Akron, Ohio
Mansfeld City Income Tax Dept
City of Miamisburg
City of Middletown
City of Morain
Newark City Income Tax
City of New Carlisle
New Phila - Income Tax
City of Niles, OH Inc. Tax
City of N. Canton
Northwood Dept. of Taxation
City of Ontario
City of Parma-Division of Tax
Piqua Inc Tax Dept
City of Sandusky Income Tax
City of Solon Div. of Tax
Springdale Tax Commission
City of Springfield
City of Steubenville
Tax Administrator, City of Stow
Commissioner of Taxation City of Toledo
City of Westerville
City of Youngstown
City of Zanesville
CCA Division of Taxation
R.I.T.A.
F U T A – Cincinnati, OH

OR
City of Tigard
City Of Portland

PA
Township of Abington
Upper Merion Township
Lower Merion Township

North Hills School District
Keystone Municipal Collections – Irwin, PA
Legal tax services – Pittsburgh, PA
Central Tax Bureau – Berwick, PA
Mercantile Tax – Aliquippa, PA
Altoona Area School District
City of Hermitage
HAB BPT – Bangor, PA
Central Tax Bureau – Bridgeville, PA
Borough of Homestead
Central tax Bureau – Verona, PA
North Hills School District
Parkland School District
Altoona Area School District
Avalon Boro
Municipality of Bethel Park
Bethlehem Tax Bureau
EIT  Collector Bridgeport, PA
Butler Area SD Earned Income
West Shore Tax Bureau
NASD Tom EIT
Chambersburg Area Wage Tax Office
PA Municipal Service Co.
Kratzenberg & Associates
Borough of Dravosburg
Mrs. Margaret DeMasy, Receiver of Taxes
Fleetwood Area EIT, Bureau
Southwest Regional Tax Bureau
Berkheimer Assoc. - Greentree Boro
City of Hatfield
C.D. Area Income Tax Office
Lancaster County Tax Collection
S W R T B, Jeanette
Lebanon Co EIT Bureau
West Shore Tax Bureau
Adams County EIT Agency
Victoria Farina, City Treasurer
City of Mechanicsburg
Central Tax Bureau
McKean Township Local Tax Bureau
John Knezovichi/ McKeesport
Tax Office School District EIT
City of Middletown
Carol Reuther, Tax Collector
City of Mt.Lebanon
Anna W. Lasher, Tax Collector

Ned R. Barlieb, Tax Collector
West Shore Tax Bureau
New Kensington City Treasurer
Norwin School District Tax  Office
Central Dauphin Area Inc.
Berkheimer Assoc.
City of Philadelphia
Treasurer, City of Pittsburgh
City of Quakertown
Frank Murgia Tax Collector
North Hills School District
Scott Township Tax Office
Yorl Area EIT Bureau
HAB EIT , Springville
HAB - EIT, Stroudsburg
K Ray Stauffer EIT Offices
Mark J. Brukardt Tax Collector
Municipal Tax Bureau/Warminister
Edward W. Abel Collector
William D Elden Collector
Berks EIT Bureau/West Lawn
Jordan Tax Service Inc.
Borough of West View
Whitehall Twp EIT Div
Don Wilkenson Agency
Berks E.I.T. Bureau
York County, E.I.T. Bureau
Southern Leigh Earned Income Tax Office

SC
City of Greenville
Richland County Treasury
Charleston County Treasurer
City of Myrtle Beach
SC Dept of Revenue

TN
Shelby County Clerks Office
City of Murfreesboro
Rutherford County Clerk
Town of Collierville
Madison County Clerk
City of Jackson
Davidson County Clerk
City of Goodlettsville
City of Franklin

Williamson County Clerk
Williamson County Trustee
City of Franklin, Business Tax Dept
City of Knoxville
Trustee Knox County
Davidson County Clerk
Elaine Anderson, Williamson County Clerk, City Tax Collector
Bill Kemp, Sumner County Clerk
City of Hendersonville

VA
County of Fairfax
City of Henrico
Norfolk City Treasurer
Commission of Revenue – Virginia Beach, VA
City of Chesapeake
Treasurer of Chesterfield
Treasurer of City of Hampton
Treasurer of City of Roanoke
Commissioner of Revenue – Colonial Heights, VA
Commissioner of Revenue – Lynchburg, VA
City of Newport News
County of Loudoun
County of Alexandria
City of Lynchburg
State Corporation Commission – Richmond, VA

WV
City of Charleston
Kim Wolf - Cabell County Courthouse – Huntington, WV
City of Barboursville
Village of Barboursville

**Significant Equity Holders (greater than 5%)**
Bestinver Gestión S.G.I.I.C. S.A.
David W. Rose

**Finlay Enterprises, Inc. - Current Directors**
David B. Cornstein
Rohit M. Desai (former director)
Louis Lipschitz
Norman S. Matthews
Thomas M. Murnane
Arthur E. Reiner

**Finlay Enterprises, Inc. - Current Officers**

David B. Cornstein – Chairman Emeritus
Arthur E. Reiner – Chairman, President and CEO
Joseph Melvin – Exec. VO and COO
Leslie A. Philip – Exec. VP and Chief Merchandising Officer (retired)
Bruce Zurlnick – Sr. VP, Treasurer and CFO
Bonni G. Davis – VP, Secretary and Gen. Counsel

**Finlay Enterprises, Inc. - Former Directors (up to 3 years)**
Ellen R. Levine
Michael Goldstein
John Kerin
Richard Kroon
Charles McCarthy

**Finlay Fine Jewelry Corp. - Current Directors**
David B. Cornstein
Rohit M. Desai (former director)
Louis Lipschitz
Norman S. Matthews
Thomas M. Murnane
Arthur E. Reiner

**Finlay Fine Jewelry Corp. - Current Officers**
Arthur E. Reiner – Chairman and CEO
Joseph Melvin – President and COO
Leslie A. Philip – Exec. VP and Chief Merchandising Officer (retired)
Joyce Manning Magrini – Exec. VP
Bruce Zurlnick – Sr. VP, Treasurer and CFO
James M. Giantomenico – Sr. VP, Treasurer and CFO
Thomas G. Lozier – Sr. VP
Debroah A. Dixon – Sr. VP
Bonni G. Davis – VP, Secretary and Gen. Counsel
Joan M. Durkin – VP and Corporate Controller
Richard G. Davenport – VP
Karin Knudsen – VP
Charles J. Leavy – VP
Cathleen A. Lull – VP
William L. McKinney – VP
Stuart C. McLean – VP
John P. Orr – VP
Raymond J. Poulin – VP
Shelly L. Schneider – VP
Norma L. Wilson - VP

**Finlay Fine Jewlery Corp. - Former Officers (up to 3 years)**
Edward Stein

Kevin Flanagan
Al Jung Jr.
Gail McDaniel
Janice Ronito Messinger
Cassia Rustad

**Finlay M&B - Current Directors**
Arthur E. Reiner
Joseph M. Melvin
Leslie A. Philip (retired)
Bruce E. Zurlnick
Bonni G. Davis

**Finlay M&B - Current Officers**
Arthur E. Reiner – Chairman, President and CEO
Joseph Melvin – Exec VP and COO
Leslie A. Philip – Exec. VP and Chief Merchandising Officer (retired)
Bruce Zurlnick – Sr. VP, Treasurer and CFO
Bonni G. Davis – VP, Secretary and Gen. Counsel

**eFinlay - Current Directors**
Arthur E. Reiner
Joseph M. Melvin
Leslie A. Philip (retired)
Bruce E. Zurlnick
Bonni G. Davis

**eFinlay - Current Officers**
Arthur E. Reiner – Chairman, President and CEO
Joseph Melvin – Exec VP and COO
Leslie A. Philip – Exec. VP and Chief Merchandising Officer (retired)
Bruce Zurlnick – Sr. VP, Treasurer and CFO
Bonni G. Davis – VP, Secretary and Gen. Counsel

**Finlay Jewelry, Inc.- Current Directors**
Arthur E. Reiner
Joseph M. Melvin
Leslie A. Philip (retired)
Bruce E. Zurlnick
Bonni G. Davis

**Finlay Jewelry, Inc. - Current Officers**
Arthur E. Reiner – Chairman, President and CEO
Joseph Melvin – Exec VP and COO
Leslie A. Philip – Exec. VP and Chief Merchandising Officer (retired)
Bruce Zurlnick – Sr. VP, Treasurer and CFO

Bonni G. Davis – VP, Secretary and Gen. Counsel

**Carlyle & Co. - Current Directors**
Russell L. Cohen
John K. Cohen
Joseph M. Melvin
Arthur E. Reiner
Bruce E. Zurlnick

**Carlyle & Co. - Current Officers**
Russell L. Cohen – Chairman and Co-CEO
John K. Cohen – President and Co-CEO
Bruce E. Zurlnick
Joseph M. Melvin – Sr. VP, Treasurer, and CFO
Bonni G. Davis – VP, Secretary and Gen. Counsel
Ronnie S. Grabon – VP Human Resources
Sue C. Haire – VP Merchandising and Marketing
Michael L. Hudson – VP Director of Stores
Suzanne Quentz – VP and Controller
Ronald E. Swanson – VP Information Technology

**Carlyle & Co. - Former Officers (up to 3 years)**
Paul Sutton

**Park Promenade - Current Directors**
Russell L. Cohen
John K. Cohen
Joseph M. Melvin
Arthur E. Reiner
Bruce E. Zurlnick

**Park Promenade - Current Officers**
Russell L. Cohen – Chairman and Co-CEO
John K. Cohen – President and Co-CEO
Bruce E. Zurlnick
Joseph M. Melvin – Sr. VP, Treasurer, and CFO
Bonni G. Davis – VP, Secretary and Gen. Counsel
Ronnie S. Grabon – VP Human Resources
Sue C. Haire – VP Merchandising and Marketing
Michael L. Hudson – VP Director of Stores
Suzanne Quentz – VP and Controller
Ronald E. Swanson – VP Information Technology

**Park Promenade - Former Officers (up to 3 years)**
Paul Sutton

**L. Congress - Current Directors**
Leon Benzrihem
Douglass J. Congress
Scot M. Congress
Bonni G. Davis
Joseph M. Melvin
Arthur E. Reiner
Bruce E. Zurlnick

**L. Congress - Current Officers**
Scot M. Congress – President
Leon Benzrihem - COO
Douglass J. Congress – VP, Secretary and Treasurer
Bruce E. Zurlnick – Sr. VP, CFO and Ass't Treasurer
Bonni G. Davis – VP, Ass't Secretary and Gen. Counsel


**Former Employees of Debtor or Underwriting Investment Bankers now at WGM**

**Professionals**
Alvarex & Marsal North America, LLC
Cannon & Co.
Davis Wright Tremaine
DJM Realty Services, LLC
Edward P. Tewkesbury, Esq.
Jackson Lewis LLP
Kramer Levin LLP
Littler Mendelson PC
Mark Weiss
Mason Retail Group
NachmanHaysBrownstein, Inc.
Proskauer Rose LLP
Ray Altman, Esq.
Shaw Valenza LLP
Troutman Sanders LLP
Weil Gotshal & Manges LLP

**Competitors**

**Shipping Companies**
Barthco International Inc.
Brinks Inc.
Greater Bay Area
Sarcona Trucking Company Inc.
United Parcel Service

**<u>Licensors – Departments Stores</u>**
Carson Pirie Scott
Bergner's
Bloomingdale's
Bloomingdale's-D. Yurman Boutque
The Bon-Ton
Boston Store
Dillard's
Elder Beerman
Gottschalks
Herberger's
Lord & Taylor
Macy's Central
Macy's Midwest
Macy's North
Macy's Northwest
Macy's South
Parisian
Younkers

**<u>Lessors – Stand-Alone Stores</u>**
Amerishop Suburban, LP
Asheville, LLC - CBL Associates, LP
Aventura Mall Venture
Annapolis Mall LP
Bayer Retail Company, LLC
Beachwood Place Mall, LLC
Bellevue Square Managers, INC.
Biltmore Shopping Center Partners, LLC
Cafaro
Carolina Place, LLC
Carroll/1709, Ltd.
CBL
Cencor Realty Services
Cherry Hill Center, Inc
Chicago Title and Trust Company
Christiana Mall, LLC
Citadel Mall CMBS, LLC
Coastland Center, L.P.
Columbia Mall, INC
Corte Madera Village, LLC
Cross Creek Mall, LLC
CVM Holdings, LLC
Davis St. Land
DDRC P&M Deer Park Town Center, LLC
Destin Commons, LTD

Developers Diversified Realty Corp
DuPont de Nemours and Company, LLC
Edison Mall Business Trust
Egerton K. van den Berg, as Trustee
E.I. Du Pont
Fairfax Company of Virginia L.L.C.
Fashion Centre Associates
Feldman
Florida Mall Associates
FMP Tallahassee, LLC
Forbes/Cohen Properties
Forbes Taubman
Galleria Mall Investors
General Growth Management, Inc.
General Growth Properties, Inc
Glendale Ohrbach's Associates
Grassco
Harsch Investment Realty, LLC, Series E
HG Shopping Centers, LP
Huntington Mall Company
Hycel Partners I, LP
Indian Lake Specialty Center, LLC
Inland American Retail Management
Irving Park Shops, LLC
Jacksonville Avenues, LP
JG Winston Salem, LLC
Jones Lang Lasalle Americas, Inc.
Kemper Freeman, Jr.
King of Prussia Associates
Kimco
Kravco/Simon
La Cantera Retail Limited Partnership
LaSalle National Bank of Chicago. Trustee for Trust No. 49475
LaSalle Bank National Association Trustee under Trust 48700
LUK-MB1, LLC
Macerich Company
Macerich/Westcor Partners, LLC
Macon Mall, LLC
Mall of Georgia, LLC
McCaffery
Meadowood Mall, LLC
Mellon Bank N.A.
Minanis, Inc, A Florida Corporation
Mission Viejo Associates, LP
Montgomery Mall, LLC
Moody Rambin Interests, Inc.

Nasher Co. , Raymond D.
New Castle Associates
Northpark Center, LTD
Park Tower Apartments, LLC
Partridge Creek Fashion Park, LLC
Penn Ross Joint Venture
Perimeter Mall, LLC
Periwinkle Place, Inc.
Poag & McEwen
Prado Acq. c/o Wharton Realty Grp
Preit Services, Llc
Reno Retail Company, LLC
The Retail Property Trust
River Ridge Mall, LLC
Rouse F.S., LLC,
Rouse-Park Meadows LLC
Sarsaparilla Limited Partnership
Saucon Valley Lifestyle Center, LP
Shoppes at River Crossing, LLC
Shopping Center Associates
Shook Properties, Inc.
Short Hills Associates, LLC
Simon Property Group
Scottsdale Fashion Square Partnership
Somerset Collection Limited Partnership
South Broad
South Coast Plaza
South Hills Village Associates, LP
SouthPark Mall, LP
Southpoint Mall, LLC
SPGIL Domain, LP
SPI Westgate LLC
St. Johns Town Center, LLC
Stoneridge Properties, LLC
Stonestown Shopping Center, LP
Tampa Westshore Associates Limited Partnership
Taubman Company, Inc.
Taubman Cherry Creek Shopping Center, LLC
Tikal Real Esate Holding, II, LLC
TJ Palm Beach Associates Limited Partnership
Town & Country Partnership
TRG Charlotte, LLC
Turnberry
Tyson's Corner Holdings, LLC
Valley Square Lifestyle, LP
Van den Berg

VF Mall LLC
Washington Square, Inc.
Westchester Mall, LLC
West Farms Mall, LLC
Westfield Corporation, Inc.
West Town Mall, LLC
W. Fred Williams
WG Park, LP
Williams
Willow Bend Associates Limited Partnership
Wolfchase Galleria Limited Partnership
The Woodlands Mall Associates, LP
WP 215 Broad, LP c/o Equivest Management, Inc.

**Lessor – Corporate Office**
529 Fifth Company Holdings, LLC

**Lessors – Storage Space**
A Storage Inn
Fashion Center Associates LLC
HG Galleria, I, II, III, LP
Joyce Brothers Storage and Van Co.
Joyce Records Center
Locker Room
Montgomery Mall Limited Partnershi
Oak Court Mall
Park Meadows Self Storage
Plano Superior Storage
Public Storage/08395 Portland/Barbur Bl & Multonomah
Public Storage Management Inc.
South Hills Village Associates, L.P.
StorAmerica Scottsdale 2102
Tysons Corner Holdings LLC.

**Credit Card Processors**
Citibank
Shopper's Charge Account Co.
Diner's Club

**Litigation Adversaries**
Bessie Acey
CA Labor Commissioner
Carlyle Montgomery
Diamond Associates
District Attorney's Office, El Dorado County, CA
Emily Sampson

Georgia State Governor's Office of Consumer Affairs
Jacqueline Brown
Josie Macadangdang
Karen Wayman
L.I.D.
Loewi's Jewelry
Nilda Valadez
Rejenia Bryant
Timothy & Cynthia Holt
Vionta Jones
Shirley Sawdy
UFCW Local 21
UFCW Local 367
U.S. Department of Labor
Wisconsin State Attorney General

**Unions**

**Utilities**
Alltell
All American Waste, LLC
All States Services
AmerenUE
American Building Maintenance
Appalachian Power
Aramark Refreshment Services
Artesian Water Co
AT&T
BGE
Bonita Springs Utilities
Capital Waste, Inc.
Centerpoint Energy Entex
Central Georgia EMC
City of Ft Myers
City of Greensboro Utilities
City of Houston Water
City of Hurst Utility
City of Southlake
City of Winter Park Utilities
Comcast
ComEd
ConEdison
Cox Communications
CPS Energy
Deltacom
Demars Landscaping, LLC

Duke Energy
Embarq
Entergy
FlaggCreekWater(FCWRD)
Florida Power & Light
FMP Tallahassee
Georgia Power
GGP - Four Seasons
Ginny Bissel
Gulf Power
The Illuminating Co
IEM - Int'l Environmental Mngmt
Kaback Enterprises
Keys Energy Services
Knoxville Utilities Board
Lee County Electric Coop
Manhattan Plants
Memphis LG&W
Mesa Consolidated Water
Muzak
Nashville Electric
Nuvox
NV Energy
Orlando Utility Commission
Pacific Power
Paetec
Peco Energy
PEPCO
PG&E
Piedmont Natural Gas
Playnetwork Inc
PPL Electric Utilities
Progress Energy
PSE&G
Puget Sound Energy
Regional Water Authority
Reliant Energy
Retail Radio
River Ridge
Saucon Valley Lifestyle Center LLC
Santee Cooper
SCS
Southern California Edison
Southern CT Gas Co
Southpark Mall
Sprint

SRP (Salt River Project)
Suez Energy Resources
Sunshine Recycling, Inc.
Time Warne
TQC
Tri-County Elec
TXU Energy
UGI Utilities Inc
United Illuminating Company
Upper Marion Sewer Revenue
Vendrite Vending
Veolia
Verizon
Verizon Wireless
Village of OakBrook,IL
Village of Orland Park
Waste Management
Waltham Services, Inc.
West Town Mall
Windstream NC Inc
WV-American Water Co
XCEL Energy

**Insurance Providers**
Brick Street Mutual Ins. Co.
Dept. of Labor & Industries
Dept. of Workforce Safety & Ins.
Federal Ins. Co. (Chubb)
The Hartford
Illinois Union Ins. Co.
Jewelers Mutual Ins. Co.
Landmark American Ins. Co.
Lexington Ins. Co.
Markel American Ins. Co.
National Union Fire Ins. Co. of Pittsburgh, PA
Northwestern Mutual Life Ins. Co.
Ohio Bureau of Workers' Compensation
Security Mutual Life Ins. Co
State Farm Mutual Auto. Ins. Co.
St. Paul Mercury Ins. Co. (Travelers)
St. Paul Travelers
Tokio Marine and Fire Ins. Co.
Underwriters at Lloyds, London
United States Life Ins. Co.
Vigilant Ins. Co.
Zenith Ins. Co.

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                            :
In re                                       :          Chapter 11 Case No.
                                            :
FINLAY ENTERPRISES, INC., et al.,           :          09-14873 (JMP)
                                            :
                       Debtors.             :          (Jointly Administered)
                                            :
-----------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 327(a) OF
### THE BANKRUPTCY CODE AUTHORIZING RETENTION AND
### EMPLOYMENT OF ASSET DISPOSITION ADVISORS LLC AS
### ASSET DISPOSITION ADVISOR AND CONSULTANT FOR THE
### DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application dated August 25, 2009 (the "Application") of Finlay

Enterprises, Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors

and debtors in possession (together, "Finlay" or the "Debtors"), pursuant to section 327(a) of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to

retain and employ Asset Disposition Advisors LLC ("ADA") as asset disposition advisor and

consultant for the debtors *nunc pro tunc* to the date of commencement of these chapter 11 cases,

all as more fully set forth in the Application and the ADA letter agreement dated February 20,

2009 (the "ADA Agreement"); and upon consideration of the Affidavit of Barry Gold in support

of the Application, sworn to on the August 21, 2009 (the "Gold Affidavit"); and the Court having

jurisdiction to consider the Application and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided to (i) the Office of the United States Trustee for the Southern District of New

York (the "U.S. Trustee"), (ii) the attorneys for General Electric Capital Corporation, as agent

under that certain Fourth Amended and Restated Credit Agreement dated as of November 9,

2007, (iii) the attorneys for Wilmington Trust Company, as successor trustee under that certain

second lien indenture dated as of November 26, 2008, (iv) the attorneys for HSBC Bank USA, as

trustee under that certain third lien indenture dated as of November 26, 2008, (v) the attorneys

for the official committee of unsecured creditors appointed in these chapter 11 cases, (vi) the

U.S. Securities and Exchange Commission, and (vii) all parties entitled to notice pursuant to this

Court's Order Implementing Certain Notice and Case Management Procedures dated August 6,

2009. and it appearing that no other or further notice need be provided; and a hearing (the

"Hearing") having been held to consider the relief requested in the Application; and the

appearances of all interested parties having been noted in the record of the Hearing; and all of the

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Application is in the best interests of the Debtors, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

       ORDERED that the Motion is granted as set forth herein; and it is further

       ORDERED that the Debtors are authorized to employ and pay ADA the fees as

set forth in the Application and in accordance with the ADA Agreement, subject, however, to

interim and final allowance in accordance with sections 330 and 331 of the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of

New York, any guidelines established by the United States Trustee for the Southern District of New York, and any further orders of this Court; and it is further

ORDERED that the U.S. Trustee retains all rights to object to ADA's interim and final fee applications (including expense reimbursement) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that in the event that ADA seeks reimbursement for attorneys' fees from the Debtors pursuant to the ADA Agreement, the invoices and supporting time records from such attorneys shall be included in ADA's own applications (both interim and final) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce the terms of the Application, the ADA Agreement, and this Order.


Dated: September__, 2009
         New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE