UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTICT OF NEW YORK

IN RE:                                              Case No.  09-14873 (JMP)
                                                    Chapter 11
FINLAY ENTERPRISES, INC. et al.,                    (Jointly Administered)
    Debtors.
                                                    Hearing:  September 25, 2009 at 10:00 a.m. ET

**Local Texas Tax Authorities' Objection to Debtor's Motion for Approval of the Sale of All or Substantially All of the Debtors' Assets and Other Related Relief**

    Now come, Bexar County, Cypress-Fairbanks ISD, Dallas County, Fort Bend County, Galveston County, Harris County, Irving ISD, Judson ISD, Montgomery County, Round Rock ISD, Smith County, Tarrant County, McAllen, McAllen ISD, Nueces County, South Texas College and South Texas ISD (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and object to the relief sought in the Debtor's Motion for an Order authorizing it to sell all or substantially all of their assets and for other related relief.  In support of their objection, the Local Texas Tax Authorities would show the Court as follows:

    1.  The Tax Authorities have filed secured claims for unpaid 2009 ad valorem property taxes.  The claims of the Local Texas Tax Authorities are secured by first priority liens on the Debtor's personal property pursuant to Texas Property Tax Code §§ 32.01 and 32.05. The Tax Authorities' claims total approximately $1,400,000.[1]

---

[1] The amounts for the 2009 taxes are estimated; final amounts will be determined on or about October 1, 2009, pursuant to Texas law.  Further, this amount does not include post-petition interest to which the Tax Authorities are entitled under 11 U.S.C. §§506(b) and 511.

2. The priority of the tax claims and related liens is determined under applicable non-bankruptcy law. 11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

3. The Debtor proposes to sell all of its property free and clear of all liens, claims, and encumbrances, including the liens of the Tax Authorities, with such liens, claims and encumbrances attaching to the sale proceeds.

4. Merely providing that the tax liens attach to the sale proceeds does not adequately protect the liens and claims of the Tax Authorities as required by 11 U.S.C. § 363(e). The claims of the Tax Authorities should be paid directly from the sale proceeds at closing. Paying these claims will benefit the estate in stopping the accrual of interest pursuant to 11 U.S.C. § 506(b), which is currently accruing at the rate of 12%.

5. Further, upon the sale of the property, the proceeds become the Tax Authorities' cash collateral. Pursuant to 11 U.S.C. § 363(c) (4), absent consent by the Tax Authorities, or an order

of the Court permitting use of this cash collateral, the Debtor "shall segregate and account for any cash collateral" in its possession. The Debtor has not filed a motion seeking to use the Tax Authorities' cash collateral, nor has there been notice or a hearing on the use of the cash collateral. Accordingly, absent the Tax Authorities' consent, a segregated account must be established for these taxes from the sale proceeds to comply with the requirements of § 363(c)(4).

Unless and until their claims are paid in full, the Tax Authorities object to the use of their cash collateral by the Debtors for any purpose, and especially to the use of their cash collateral to pay the claims of junior lienholders or the ongoing general or other expenses of the estate.

WHEREFORE, based upon the foregoing, the Local Texas Tax Authorities request the Court to deny the relief requested in the Debtor's Motion unless and until appropriate provisions are included to adequately protect the liens of the Local Texas Tax Authorities and their interest in the proceeds from the sale of their collateral.

Respectfully submitted this 14th day of September, 2009,

> LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
> BY: /s/ Elizabeth Weller
> Elizabeth Weller (Tex. Bar No. 00785514)
>
> 2323 Bryan St. #1600
> Dallas, TX 75201
> 469/221-5075 Phone
> 469/221-5003 Fax
> Email: bethw@publicans.com
>
> Attorneys for the Local Texas Tax Authorities

Certificate of Service

I hereby certify that this 14th day of September, 2009, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the following parties via email as set forth below:

Lori Fife & Shai Waisman
Weil, Gotshal & Manges LLP
Lori.fife@weil.com & Shai.Waisman@weil.com

Douglas Bacon
Latham & Watkins LLP
Douglas.bacon@lw.com

Michael Fruchter
Pryor Cashman LLP
mfruchter@pryorcashman.com

Alan Kornberg & Diane Meyers
Paul, Weiss, Rifkind, Wharton & Garrison LLP
akornberg@paulweiss.com & dmeyers@paulweiss.com

Lawrence Ginsberg, Mark Parry & Christopher Caruso
Moses & Singer LLP
lginsburg@mosessinger.com , mparry@mosessinger.com, & ccaruso@mosessinger.com

                                                       /s/ Elizabeth Weller
                                                       Elizabeth Weller