KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

*Counsel for Zale Corporation*

**Sale Hearing Date: November 12, 2009 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:  :  Chapter 11
 :
FINLAY ENTERPRISES, INC, *et al.*,  :  Case No.: 09-14873 (JMP)
 :
Debtors.  :  (Jointly Administered)
 :

------------------------------------------------------------ x

## LIMITED OBJECTION BY ZALE CORPORATION TO THE DEBTORS' NOTICE OF SELECTION OF SUCCESSFUL BIDS AT AUCTION

Zale Corporation ("Zale"), by and through its undersigned counsel, hereby submits this limited objection ("Limited Objection") to the *Notice of Selection of Successful Bids at Auction* ("Successful Bids Notice") filed by the Debtors with the Bankruptcy Court on November 10, 2009. In support of this Limited Objection, Zale respectfully represents as follows:

1. On October 15, 2009, the Debtors filed and served a *Notice of (I) Proposed Sale of Assets Including (a) Furniture, Fixtures, and Equipment, (b) Information Technology, (c) Intellectual Property, and (d) Unexpired Leases of Real Property, (II) Auction Date and (III) Proposed Sale Hearing Date* ("Auction Notice"). A copy of the Auction Notice is annexed hereto as Exhibit "A." Pursuant to the Auction Notice, the Debtors scheduled an Auction[1] for

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Auction Notice.

October 28, 2009 to consider bids for their remaining assets, including their intellectual property, and scheduled a hearing ("Sale Hearing") for October 29, 2009 to seek approval of the sale(s) of their remaining assets.

2. The Auction Notice set forth certain requirements for parties to become Qualified Bidders for the Debtors' remaining assets. Specifically, the Auction Notice provided as follows:

> To constitute a Qualified Bid, a bid must: (i) identify the target assets, (ii) identify the potential bidder and the officer(s) or, authorized agent(s) who will appear at the Auction on behalf of such bidder; (iii) provide evidence, satisfactory to the Debtors in their reasonable discretion (after consultation with their Prepetition Secured Lenders and the Creditors' Committee), of the bidder's financial wherewithal and operational ability to consummate the proposed transaction; (iv) provide that the bid shall not be conditioned on the outcome of unperformed due diligence by the bidder, board approval, or any financing contingency; (v) include the Qualified Bidder's Good Faith Deposit (as defined below); (vi) identify any executory contracts ("Contracts") or unexpired leases ("Leases") to be assumed and assigned in connection with the contemplated transaction; (vii) include, with respect to any Contracts and Leases to be assumed and assigned, an Adequate Assurance Package (as defined below); and (viii) provide that the bidder's offer is irrevocable until consummation of a transaction involving any other bidder for the same assets.

Auction Notice, at p. 3.

3. Moreover, the Auction Notice provided that "[t]o qualify as a 'Qualified Bidder,' a bidder must submit a 'Qualified Bid' by the Bid Deadline." *Id.* at p.3. The Bid Deadline was on or before October 26, 2009 at 4:00 p.m. (*id.* at p. 2), and only Qualified Bidders were "permitted to participate at the Auction" (*id.* at p. 3). Lastly, the Debtors reserved the right to "(i) extend the Bid Deadline and/or adjourn the Auction; (ii) withdraw any asset(s) from the Sale; (iii) waive the requirement that a Qualified Bidder submit a Good Faith Deposit; and/or (iv) withdraw any asset(s) from the Auction." *Id.* at p. 4.

4. Zale is a large unsecured creditor in these cases. It sits on the Creditors' Committee. It has standing to raise this Limited Objection as a party in interest in its capacity as a creditor and bidder on assets.

5. Zale timely submitted a bid by the Bid Deadline for the Debtors' intellectual property and customer data, customer lists and e-commerce business (including hardware and software) ("Zale IP Bid"), timely submitted its requisite financial information and timely submitted its Good Faith Deposit to the Debtors. Accordingly, Zale was a Qualified Bidder entitled to attend and bid at the Auction.

6. By notice dated October 27, 2009 ("Adjournment Notice"), the Debtors adjourned the Auction to November 4, 2009 and adjourned the Sale Hearing to November 5, 2009.[2] The Adjournment Notice did not state that the Bid Deadline was extended for any prospective bidder or that the procedures to qualify as a Qualified Bidder were being revised, amended or changed in any way. No announcement of this type was made at the November 4 Auction either.

7. Zale, by its authorized representatives, attended the Auction on November 4, 2009. The Debtors stated at the Auction that the Zale IP Bid was the highest and best bid submitted for the intellectual property assets prior to the Bid Deadline, and bidding commenced on these assets using the Zale Bid as the opening bid. However, it quickly became apparent at the Auction that parties who did not fit the definition of a Qualified Bidder were permitted to submit bids on the Debtors' assets. Prior to the Auction, certain of these bidders had not submitted bids for the assets in question, did not provide information regarding their financial wherewithal to consummate a transaction, and did not provide the requisite Good Faith Deposit to the Debtors in a timely manner. On various occasions at the Auction, Zale raised numerous objections regarding the way the Auction was being conducted and questioned whether various

---

[2] The Sale Hearing was further adjourned to November 12, 2009 at 4:00 p.m.

bidders were, in fact, Qualified Bidders entitled to take part in the Auction. While the Auction Notice provided that the Debtors reserved their rights to modify certain procedures in connection with the Auction, the Debtors did not reserve their rights to modify all of the procedures, including the requirement that only Qualified Bidders be entitled to bid and participate at the Auction.

8. Zale participated in the Auction but reserved all of its objections. It bid at various times for assets it was interested in, even though the Debtors were not following the procedures set forth in the Auction Notice.

9. As the Debtors modified and created new lots of assets at the Auction, Zale ultimately determined to bid on the lot of assets containing the Bailey Banks & Biddle ("BBB") intellectual property and the e-commerce business (both hardware and software) related to the BBB business ("BBB IP and E-Commerce Assets"). Bidding continued on these assets but, ultimately, Zale ceased bidding as it grew frustrated as to what was transpiring. Zale understood that ultimately its recourse was this Court. It would have an opportunity to express its concerns, and that no sale was final until the Court approved the transaction.

10. Zale was informed on November 9, 2009 that other parties submitted bids after November 4, 2009 for certain of the Debtors' other assets. Zale also was informed (i) that the Auction was not closed on November 4, 2009 but was adjourned, and (ii) that the Debtors would be selecting the highest and best bids for their remaining assets on November 10, 2009.

11. As the Auction had not closed on November 4, 2009 and the Debtors had not yet selected the highest and best bids for their remaining assets, Zale submitted a revised bid for the BBB IP and E-Commerce Assets to the Debtors by letter dated November 9, 2009 (the "November 9 Letter"). A copy of the November 9 Letter is annexed hereto as Exhibit "B." As

stated in the November 9 Letter, Zale submitted a revised bid for the BBB IP and E-Commerce Assets in the amount of $575,000, which was $20,000 more then the bid submitted by Synergies Corp. ("Synergies") at the Auction. At that time, Zale was the highest bidder. Counsel for Zale followed-up the November 9 Letter with a telephone call to Debtors' counsel, whereby Zale suggested that a public auction be held before the Court in connection with the sale of the BBB IP and E-Commerce Assets. Zale indicated that, if necessary, it was prepared to bid higher. The Debtors filed their Successful Bids Notice instead.

12. Pursuant to the Successful Bids Notice, Synergies was selected by the Debtors as the highest and best bid for the BBB IP and E-Commerce Assets despite Zale submitting a higher bid. On November 11, 2009, Zale sent a further letter ("November 11 Letter") to Debtors' counsel, further revising its bid for the BBB IP and E-Commerce Assets. A copy of the November 11 Letter is annexed hereto as Exhibit "C." In the November 11 Letter, Zale once again stated that the Auction should be continued before the Court at the Sale Hearing and that Synergies could bid against the revised Zale bid at that time. If Synergies determined to submit a further bid, Zale stated it was prepared to further increase its bid. Moreover, in the November 11 Letter, Zale once again pointed out that (i) the bidding procedures approved by the Court permitted the Debtors to continue the Auction or withdraw an asset from the Auction, and (ii) no sale is deemed concluded until approved by the Court.

13. The revised Zale bid was $100,000 more then the Synergies bid.

14. At this point, the Debtors have not indicated whether they will accept Zale's revised bid or agree to continue the Auction at the Sale Hearing despite the fact that the procedures Zale was suggesting would not be time consuming or expensive, and would clearly

produce significant additional funds for the Debtors' estates. The Debtors' failure to respond has necessitated the filing of this Limited Objection.

15. Zale is providing notice of this Limited Objection to Synergies so that it may attend the Sale Hearing and participate in the public auction of these assets if one is conducted.

16. In its revised bids and conversations with the Debtors, Zale has indicated a willingness to bid further at a public auction. In order to demonstrate clearly why it would be in the interests of the Debtors' estates to entertain a Zale bid, Zale is hereby increasing its bid to ***$755,000*** -- which is ***$200,000 more*** than the Synergies bid. The significantly increased purchase price for these assets greatly outweighs any possible increase in costs incurred by the Debtors in continuing this auction process to achieve the best price for the BBB IP and E-Commerce Assets. Parenthetically, Zale believes that any increase in costs or expenses will be minimal.

17. In accordance with the bidding procedures approved by this Court, Zale requests that the Court direct the Debtors to withdraw the BBB IP and E-Commerce Assets from the Sale Hearing, and to re-open the Auction and accept additional bidding on these assets. The sales of the other remaining assets can be approved at the Sale Hearing and parties interested in purchasing the BBB IP and E-Commerce Assets will have an opportunity to continue bidding on these assets, which will produce additional funds for the benefit of the Debtors' estates and creditors.

WHEREFORE, Zale respectfully request (i) that (a) the successful bidder for the BBB IP and E-Commerce Assets not be selected until a public auction is held before the Court regarding these assets and all bidding on such assets comes to a conclusion, or, alternatively, (b) the BBB IP and E-Commerce Assets are withdrawn from the Sale Hearing and the auction on such assets is continued at a later time to permit additional bidding on such assets, and (b) such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 11, 2009     KING & SPALDING LLP

By:   /s/ Arthur Steinberg
     Arthur Steinberg
     A Member of the Firm
     1185 Avenue of the Americas
     New York, NY 10036
     (212) 556-2100

*Counsel for Zale Corporation*

# EXHIBIT A

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Shai Y. Waisman

Attorneys for the Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
: 
In re                                                    :          Chapter 11 Case No.
                                                         :
FINLAY ENTERPRISES, INC., *et al.*,                      :          09-14873 (JMP)
                                                         :
                           Debtors.                      :          (Jointly Administered)
                                                         :
------------------------------------------------------------x

**NOTICE OF (I) PROPOSED SALE OF ASSETS INCLUDING (A) FURNITURE,
FIXTURES, AND EQUIPMENT, (B) INFORMATION TECHNOLOGY,
(C) INTELLECTUAL PROPERTY, AND (D) UNEXPIRED LEASES OF REAL
PROPERTY, (II) AUCTION DATE AND (III) PROPOSED SALE HEARING DATE**

        **PLEASE TAKE NOTICE** that on August 20, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (Docket No. 120) authorizing Finlay Enterprises, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") to (i) sell all or substantially all of their assets free and clear of all liens, claims, and encumbrances (the "Sale"), and (ii) implement certain procedures for the solicitation of bids and the conduct of an auction with respect to the Sale.

        **PLEASE TAKE FURTHER NOTICE** that on September 25, 2009, the Court entered an order (the "Sale Order") (Docket No. 262) authorizing the Debtors to enter into an agency agreement with Gordon Brothers Retail Partners, LLC ("Gordon Brothers") for the liquidation of the Debtors' merchandise at 49 of their 107 retail locations. The Sale Order also authorized the Debtors' assumption of a prepetition agreement with Gordon Brothers, pursuant to which Gordon Brothers is liquidating the merchandise located in the Debtors' 58 other retail locations and their remaining department store locations.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to conduct an auction (the "Auction") at which they will consider bids for their remaining assets, including (i) furniture, fixtures, and equipment, (ii) information technology, (iii) intellectual property, and (iv) unexpired leases of real property. The Debtors will consider bids for all of these assets, distinct groups of these assets or individual assets. The Debtors, in their business judgment, and after review of all bids submitted, will determine the proposed transaction or transactions that generate the maximum value for their estates.

**PLEASE TAKE FURTHER NOTICE** that the Auction is currently scheduled to be conducted at the offices of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153 on **October 28, 2009 at 10:00 a.m. (Eastern time)**, at which time all prospective bidders may bid and participate, subject to the terms set forth herein.

**PLEASE TAKE FURTHER NOTICE** that any person or entity who wishes to participate in the Auction must submit a Qualified Bid (as defined below) on or before **October 26, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline") in writing to (i) Bruce E. Zurlnick and Bonni G. Davis, Finlay Enterprises, Inc., 529 Fifth Avenue, 5th Floor, New York, NY 10017; (ii) the attorneys for the Debtors, Lori R. Fife (lori.fife@weil.com) and Shai Y. Waisman (shai.waisman@weil.com), Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Telephone: (212) 310-8000, Facsimile: (212) 310-8007; (iii) Paul Traub (paultraub@aol.com) and Maura I. Russell (moruss@aol.com), Asset Disposition Advisors, LLC, 2485 Matterhorn Drive, Wexford, PA 15090, Telephone: (742) 413-5783; (iv) David J. Coles (dcoles@alvarezandmarsal.com), Alvarez & Marsal North America, LLC, 600 Lexington Avenue, New York, New York 10021, Telephone (212) 759-4433, Facsimile: (631) 614-4342; (v) the attorneys for General Electric Capital Corporation ("GECC"), as agent under that certain Fourth Amended and Restated Credit Agreement dated as of November 9, 2007, Mark Ramsey (mark.ramsey@lw.com), Latham & Watkins LLP, Sears Tower, Suite 5800, Chicago, IL 60606, Telephone: (312) 876-7700, Facsimile: (312) 993-9767; (vi) the attorneys for Harbinger Capital Partners Special Situations Fund, LP and Harbinger Capital Partners Master Fund I, Ltd. (collectively, "Harbinger"), Alan W. Kornberg (akornberg@paulweiss.com) and Diane Meyers (dmeyers@paulweiss.com), Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Telephone: (212) 373-3000, Facsimile: (212) 757-3990; (vii) the attorneys for Wilmington Trust FSB ("Wilmington Trust"), as successor trustee under that certain second lien indenture dated as of November 26, 2008, Michael R. Carney, Esq. (mcarney@sonnenschein.com) and David F. Yates, Esq. (fyates@sonnenschein.com), Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, New York 10020; (viii) the attorneys for HSBC Bank USA, N.A. ("HSBC" and, together with GECC, Harbinger, and Wilmington Trust, the "Prepetition Secured Lenders") as trustee under that certain third lien indenture dated as of November 26, 2008, Michael Fruchter, Esq. (mfruchter@pryorcashman.com) (Pryor Cashman LLP, 7 Times Square, New York, New York 10036); and (ix) the attorneys for the official

committee of unsecured creditors (the "Creditors' Committee"), Lawrence L. Ginsburg (lginsburg@mosessinger.com), Mark N. Parry (mparry@mosessinger.com), and Christopher J. Caruso (ccaruso@mosessinger.com), Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174, Telephone: (212) 554-7800, Facsimile: (212) 554-7700 (collectively, the "Bid Notification Parties").

**PLEASE TAKE FURTHER NOTICE** that only Qualified Bidders will be permitted to participate at the Auction. To qualify as a "Qualified Bidder," a bidder must submit a "Qualified Bid" by the Bid Deadline. To constitute a Qualified Bid, a bid must: (i) identify the target assets, (ii) identify the potential bidder and the officer(s) or authorized agent(s) who will appear at the Auction on behalf of such bidder; (iii) provide evidence, satisfactory to the Debtors in their reasonable discretion (after consultation with their Prepetition Secured Lenders and the Creditors' Committee), of the bidder's financial wherewithal and operational ability to consummate the proposed transaction; (iv) provide that the bid shall not be conditioned on the outcome of unperformed due diligence by the bidder, board approval, or any financing contingency; (v) include the Qualified Bidder's Good Faith Deposit (as defined below); (vi) identify any executory contracts ("Contracts") or unexpired leases ("Leases") to be assumed and assigned in connection with the contemplated transaction; (vii) include, with respect to any Contracts and Leases to be assumed and assigned, an Adequate Assurance Package (as defined below); and (viii) provide that the bidder's offer is irrevocable until consummation of a transaction involving any other bidder for the same assets.

**PLEASE TAKE FURTHER NOTICE** that bidders will be required to submit good faith deposits (the "Good Faith Deposits") with the Debtors on or before the Bid Deadline. Such Good Faith Deposits shall be equal to ten percent (10%) of the cash purchase price contained in such bid, subject to the Debtors' right to modify such requirement. Good Faith Deposits of all Qualified Bidders shall be held in a separate interest-bearing account for the Debtors' benefit until consummation of a transaction involving any other bidder for the same assets. If a Successful Bidder (as defined below) fails to consummate a transaction because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Debtors without affecting or reducing any of the Debtors' other rights or claims against such party.

**PLEASE TAKE FURTHER NOTICE** that if any Qualified Bid requires the assumption and assignment of Contracts or Leases, then such offeror must identify such Contracts and/or Leases to be assumed and assigned and produce evidence of its ability to provide adequate assurance of future performance under such Contracts or Leases along with the Qualified Bid (an "Adequate Assurance Package").

**PLEASE TAKE FURTHER NOTICE** that at a hearing on **October 29, 2009 at 2:00 p.m. (prevailing Eastern time)** (the "Proposed Sale Hearing") at the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, before the Honorable James M. Peck, United States Bankruptcy Judge, the Debtors intend to seek entry of an order authorizing and approving the Sale to the Qualified Bidder(s) that the Debtors determine to have made the highest or otherwise best bid(s) (the "Successful Bidder(s)"). The Proposed Sale Hearing may be rescheduled or adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

**PLEASE TAKE FURTHER NOTICE** that the selection of a Successful Bidder shall be within the reasonable business judgment of the Debtors (after consultation with their Prepetition Secured Lenders and the Creditors' Committee) and subject to the approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Debtors, in consultation with their Prepetition Secured Lenders and the Creditors' Committee, reserve the right to (i) extend the Bid Deadline and/or adjourn the Auction; (ii) withdraw any asset(s) from the Sale; (iii) waive the requirement that a Qualified Bidder submit a Good Faith Deposit; and/or (iv) withdraw any asset(s) from the Auction.

Dated: October 15, 2009
    New York, New York

/s/ Lori R. Fife
Lori R. Fife
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors
and Debtors in Possession

# EXHIBIT B

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222

Arthur Steinberg
Direct Dial: (212) 556-2158

November 9, 2009

**VIA E-MAIL TRANSMISSION**
Shai Y. Waisman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

        Re: **Finlay Enterprises, Inc. *et al.***
             **Case No.: 09-14873**
             **Bid for Intellectual Property**

Dear Shai:

      As a follow-up to my letter sent to you earlier today, it is the understanding of Zale Corporation ("Zale") that the bidding procedures set forth in the *Notice of (I) Proposed Sale of Assets Including (a) Furniture, Fixtures, and Equipment, (b) Information Technology, (c) Intellectual Property, and (d) Unexpired Leases of Real Property, (II) Auction Date and (III) Proposed Sale Hearing Date* ("Notice") were substantially modified at the Auction[1] and that the Auction was not closed on November 4, 2009 but remains open. It is Zale's further understanding that the Debtors have not yet determined who the winning bidders are for the Debtors' remaining assets. Accordingly, Zale hereby submits a bid of $575,000 for the Bailey Bank and Biddle ("BBB") intellectual property and the e-commerce business (including hardware and software) relating to the BBB business (excluding the BBB customer lists).

      To be clear, the bid submitted by Zale is for the assets contained in the Synergies Corp. bid ("Synergies Bid") received at the Auction. As the Synergies Bid was for $555,000, Zale's revised bid for these assets is $20,000 more then the Synergies Bid.

                                                           Very truly yours,

                                                           Arthur Steinberg

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Notice.

NYC_IMANAGE-1090538.1

cc:  Lori R. Fife, Esq. (via e-mail transmission)
Mr. Paul Traub (via e-mail transmission)
Ms. Maura I. Russell (via e-mail transmission)
Mr. David J. Coles (via e-mail transmission)
Mark Ramsey, Esq. (via e-mail transmission)
Alan W. Kornberg, Esq. (via e-mail transmission)
Diane Meyers, Esq. (via e-mail transmission).
Michael R. Carney, Esq. (via e-mail transmission)
David F. Yates, Esq. (via e-mail transmission)
Michael Fruchter, Esq. (via e-mail transmission)
Lawrence L. Ginsburg, Esq. (via e-mail transmission)
Mark N. Parry, Esq. (via e-mail transmission)
Christopher J. Caruso, Esq. (via e-mail transmission)

# EXHIBIT C

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222

Arthur Steinberg
Direct Dial: (212) 556-2158

November 11, 2009

**VIA E-MAIL TRANSMISSION**
Shai Y. Waisman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

        Re:    **Finlay Enterprises, Inc. *et al.***
                **Case No.: 09-14873**

                **Bid for Intellectual Property**

Dear Shai:

      As we discussed this morning and after further discussions with my client, Zale Corporation ("Zale") hereby submits a revised bid of $655,000 ("Zale Bid") for the Bailey Bank and Biddle ("BBB") intellectual property and the e-commerce business (including hardware and software) relating to the BBB business (excluding the BBB customer lists) ("BBB IP and E-Commerce Assets"). We anticipate that the difference between the revised Zale Bid and the Synergies Corp. ("Synergies") bid is sufficiently large ($100,000) such that the Debtors will agree to continue the auction before the Court, solely in respect of the BBB IP and E-Commerce Assets, at the hearing ("Sale Hearing") scheduled for November 12, 2009 at 4:00 p.m. The revised Zale Bid can be the opening bid at the public auction. Synergies can bid against that amount. If Synergies does so, Zale is prepared to further increase its bid at the public auction.

      This procedure will not be time consuming and will clearly net significant additional dollars for the Bankruptcy Estates. The auction for the BBB IP and E-Commerce Assets will have finality by the end of tomorrow.

      The bidding procedures reserved the right for the Debtors to continue the auction, or pull an asset from the auction. No sale is deemed concluded until the Court approves the sale. Thus, the Debtors can clearly do what Zale is suggesting and net out material additional dollars for one of their assets.

NYC_IMANAGE-1090849.1

      Please let me know by 3:00 p.m. today whether the foregoing procedures will be implemented by the Debtors. Otherwise, we will have no alternative but to file an objection to the *Notice of Selection of Successful Bids at Auction* filed by the Debtors last evening.

                                              Very truly yours,

                                              Arthur Steinberg

cc:    Lori R. Fife, Esq. (via e-mail transmission)
        Mr. Paul Traub (via e-mail transmission)
        Ms. Maura I. Russell (via e-mail transmission)
        Mr. David J. Coles (via e-mail transmission)
        Mark Ramsey, Esq. (via e-mail transmission)
        Alan W. Kornberg, Esq. (via e-mail transmission)
        Diane Meyers, Esq. (via e-mail transmission).
        Michael R. Carney, Esq. (via e-mail transmission)
        David F. Yates, Esq. (via e-mail transmission)
        Michael Fruchter, Esq. (via e-mail transmission)
        Lawrence L. Ginsburg, Esq. (via e-mail transmission)
        Mark N. Parry, Esq. (via e-mail transmission)
        Christopher J. Caruso, Esq. (via e-mail transmission)